Martha G. Bronitsky
Chapter 13 Standing Trustee
Po Box 5004
Hayward,CA 94540
(510) 266- 5580

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| In re | |
|---|---|
| Nigel Courtney Jones | Chapter 13 Case No. 25-41252-WJL13 |
| debtor(s) | |

## CHAPTER 13 TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTIONS

Martha G. Bronitsky, Chapter 13 Standing Trustee ("Trustee"), objects to the Debtor's claim of exemptions.

The Trustee requests, that the Court take judicial notice of its own records in the case herein in support of the facts set forth below. Fed.R.Evid.201.

## BACKGROUND & ANALYSIS

1. Debtor filed this case on July 18, 2025.

2. California is an opt-out state. Debtors may not take the federal exemptions contained in 11 U.S.A § 522(D). Cal Code Civ. Proc. § 703.130.  California offers debtors alternative exemption schemes-one based on California's regular judgment exemptions. (Cal. Code Civ. Proc.  §§ 703.010 to 704.995, hereafter the "regular exemptions") and another substantially similar to the federal bankruptcy exemptions (Cal. Code Civ. Proc. § 703.140(b), hereafter the "special exemptions").  Cal Code Civ. Proc § 703.140. In California, debtors in bankruptcy can choose either the regular exemptions or special special exemptions. Cal. Code Civ. Proc. § 703.140.

3. Debtor exempts a 2005 Nissan Xterra S/X in the amount of $4,000.00 under Cal. Civ. Proc. Code Section 704.060(d)(1). According to Schedule I, Statement of Financial Affairs No. 27, Debtor is the owner of Calabash, Inc. a "full-service restaurant" (Doc. No. 1). A vehicle exempted under Section 704.060 must be necessary for the debtor's trade, business, or profession. See In re Lopez, 2015 WL 5309580, at 4 (B.A.P. 9th Cir. Sept. 3, 2015) citing In re Rawn, 199 B.R. 733, 735 (Bankr.E.D.Cal.1996). Here, Debtor must provide evidence that the 2005 Nissan Xterra is a necessary tool of Debtor's trade, business, or profession. The mere fact that Debtor drives the vehicle for employment is not, in and of itself, necessary to the execution of Debtor's trade. "This conclusion is supported by analogy to California case law which has looked to the intrinsic qualities of the trade of the debtor, rather than the basic need of providing transportation to and from work, in evaluating whether the tool is necessary to the trade". In re Rawn, 199 B.R. 733, 736 (Bankr. E.D. Cal. 1996), citing Lopp v. Lopp, 198 Cal.App.2d 474, 18 Cal.Rptr. 338, 340 (1961); Sun Ltd. v. Casey, 96 Cal.App.3d 38, 157 Cal.Rptr. 576 (1979).

4.  Debtor exempts Citibank, N.A. checking account under Cal. Civ. Proc. Code Section 704.080(b)(4). Section 704.080 exempts deposit account in which public benefits or social security benefits are directly deposited.  No Social Security or public benefits income is listed on Schedule I or the Statement of Financial Affairs No. 5. Debtor exempts Patelco Credit Union account under Cal. Civ. Proc. Section 704.070 in the amount of $13,646.44. According to Schedule I, Debtor receives business income and retirement/ pension income.  No wages are listed on Schedule I or the122C-1. Section 704.070(a)(2) defines "paid earnings" "as defined in Section 706.011 that were paid to the employee during the 30-day period ending on the date of the levy." It is Debtors' burden to demonstrate that the source of $13,646.44 in the bank accounts is from paid earnings Debtor or Debtor's spouse received from an employer during the 30 days prior to the bankruptcy filing. Debtor exempts the following accounts under Cal. Civ. Proc. Code Section 704.115: Mutual of America Financial Group (brokerage) valued at $32,948.21; Fidelity Investments Institutional Operations CO (brokerage) valued at $23,400.34; and Guideline (brokerage) valued at $71,662.72. California Code of Civil Procedure Section 704.115 provides: "(a)  As used in this section, "private retirement plan" means: (1)  Private retirement plans, including, but not limited to, union retirement plans.  (2)  Profit-sharing plans designed and used for retirement purposes. (3) Self-employed retirement plans and individual retirement annuities or accounts provided for in the Internal Revenue Code of 1986,  1 as amended, including individual retirement accounts qualified under Section 408 or 408A of that code, to the extent the amounts held in the plans, annuities, or accounts do not exceed the maximum amounts exempt from federal income taxation under that code. It is Debtors' burden to demonstrate that the accounts are  qualified retirement accounts. The Trustee also requests documentation demonstrating Vanguard SEP-IRA (Brokerage)  valued at $18,426.04 and Vanguard Roth IRA (Brokerage) valued at $10,178.82 are Individual Retirement Accounts and not brokerage accounts, as both accounts are also exempted under Section 704.115.

5.  Debtors exempts Life Insurance Policy valued at $400,0000 and Life Insurance Policy valued at $100,000 under Cal. Civ. Proc. Code Section 704.100(a). There is a difference between the unmatured life insurance policy itself and the policy's cash surrender value.  C.C.P. Section 704.100(a) only exempts the unmatured life insurance policy, not the cash value of the policy. See  In re Woodson, 839 F.2d 610, 619 FN 12, 13 (9th Cir. 1988). The cash value of life insurance policies is limited and exempt under Section 704.100(b) up to $17,525.

## CONCLUSION

WHEREFORE, the Trustee respectfully objects to the Debtor's claimed exemptions. A hearing shall be set, when and if necessary, based on further investigation and analysis.

RESPECTFULLY SUBMITTED

Date: July 24, 2025

/s/ Martha G. Bronitsky

Signature of Martha G. Bronitsky
Chapter 13 Standing Trustee

| | | |
|---|---|---|
| 1 | In re | |
| 2 | Nigel Courtney Jones          debtor(s) | Chapter 13 Case No. 25-41252-WJL13 |

| | |
|---|---|
| 3 | CERTIFICATE OF SERVICE |

4

5    I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the debtor (s), counsel for debtor (s), and if applicable, the creditor, creditor representatives and the registered agent for the creditor  by depositing it in the United

6    States mail with first class postage attached thereto.

7    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

8

9

| | | |
|---|---|---|
| 10 | Nigel Courtney Jones | Selwyn D Whitehead Atty |
| 11 | | 4650 Scotia Ave |
| | 2200 - 19Th Ave | Oakland,CA 94605 |
| 12 | Oakland,CA 94606 | |
| 13 | (Debtor(s)) | (Counsel for Debtor) |

14

15

16   Date: July 24, 2025                         /s/ Eliemary DeGuzman

                                          Eliemary DeGuzman

17

18

19

20

21

22

23

24

25

26

27